UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RANDALL K. MADISON** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:16-cv-0801 |
| ] | Judge Campbell |
| **MICHAEL PARRIS, Warden** ] | |
| Respondent. ] | |

## **M E M O R A N D U M**

The petitioner, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 against Michael Parris, Warden of the Northwest Correctional Complex, seeking a writ of habeas corpus.[1]

### **I. Background**

On May 21, 2009, a jury in Davidson County found the petitioner guilty of rape (22 counts), aggravated statutory rape (3 counts), and forgery (1 count). Docket Entry No. 19-4 at pg. 4. For these crimes, he received an aggregate sentence of thirty five (35) years in prison.[2] Docket Entry No. 19-1 at pgs. 52-57.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and

---

[1] When this action was filed, the petitioner was an inmate at the Northwest Correctional Complex. He has since been transferred to the Trousdale Turner Correctional Center in Hartsville, Tennessee, where the Warden is Blair Leibach. *See* Docket Entry No. 17.

[2] During sentencing, the trial judge merged as a matter of law several of the counts "because they are not separate and distinct offenses", leaving the petitioner with twelve convictions for rape and one conviction for forgery. Docket Entry No. 19-1 at pg. 55.

1

sentences. Docket Entry No. 19-12. The Tennessee Supreme Court later denied the petitioner's Rule 11 application for further review. Docket Entry No. 19-13.

In September, 2013, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 19-14 at pgs. 126-131. Following the appointment of counsel, amendments to the petition and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 165-175.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 19-19. No further review was sought in the Tennessee Supreme Court.

## II. Procedural History

On April 25, 2016, the petitioner initiated this action with the filing of a petition (Docket Entry No. 1) for writ of habeas corpus. The petition consists of six claims for relief. These claims include :

    1)    the evidence was not sufficient to support the convictions; at pg. 5,

    2)    the petitioner's sentences for Counts 4, 5 and 8 (rape by force or coercion) are excessive and violative of the prohibition against double jeopardy; at pg. 7,

    3)    the petitioner was denied the effective assistance of counsel when his attorney[3]
        a) failed to present exculpatory evidence "in the form of voice recorded messages and emails from the victim"; at pg. 8
        b) failed to inform the petitioner of a plea offer; at pg. 8,
        c) neglected "to supply an adequate record on appeal causing two key issues to be waived"; at pg. 8 and

---

[3] At trial and on direct appeal, the petitioner retained Joy Kimbrough, a member of the Davidson County Bar, to represent him.

>     d) the cumulative effect of counsel's errors served
>        to deprive the petitioner of effective assistance; at
>        pg. 8.

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Rule 4, Rules - - - § 2254 Cases. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Docket Entry No. 11.

Presently before the Court is the respondent's Answer (Docket Entry No. 18), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). In his Answer, the respondent concedes that the petitioner has fully exhausted the state court remedies for each of his claims prior to filing the instant action.

The availability of federal habeas corpus relief is limited with regard to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state

court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

**1.) Sufficiency of the Evidence**

The petitioner first asserts that the evidence was not sufficient to sustain his convictions for rape and forgery (Claim No. 1).[4]

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789.

It is the responsibility of the jury, not the Court, to decide what conclusions should be drawn

---

[4] The petitioner alleges that the sufficiency of the evidence claim refers to Counts 1 and 3-26. *See* Docket Entry No. 19-10 at pg. 8. Count 2 has been specifically excluded from this claim. Thus, with the merger of several of the convictions, Docket Entry No. 19-1 at pg. 55, the petitioner is challenging the sufficiency of the evidence as it relates to eleven rape convictions and one forgery conviction.

from evidence admitted at trial. Cavazos v. Smith, 132 S.Ct. 2, 4 (2011). For that reason, within the context of a sufficiency of the evidence claim in a habeas action, the Court need only answer "whether that finding was so unsupportable as to fall below the threshold of bare rationality". Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

Count 1 of the indictment charged the petitioner with "rape consisting of the unlawful sexual penetration .... of the defendant by a victim where the penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent. Tenn. Code Ann. § 39-13-503(a)(2)." Docket Entry No. 19-12 at pg. 15.

The petitioner met the victim at church when the victim was in eighth grade. Docket Entry No. 19-6 at pg. 48.[5] They became friends. In the fall of 2004, the victim's mother had to leave town on business. The petitioner volunteered to keep the victim with him until her return. That evening, the victim testified that he awoke and noticed the petitioner "was on top of me and just moving." He told the jury that the petitioner was "grinding back and forth", that the victim's genitals were exposed, and that his genitals were in the petitioner's anal region, "skin to skin". *Id.* at pgs. 57-58. From this testimony, any rational juror could have found that the petitioner had manipulated the victim into having anal intercourse with him without his consent.

The remaining rape and forgery charges are based upon an incident that occurred at the petitioner's place of business.[6] At the end of the victim's freshman year in high school, he accompanied the petitioner to his place of business. While there, the victim asked to use the

---

[5] The petitioner was 46 years old at the time he was charged with these offenses.

[6] At the time, the petitioner was an employee for the Tennessee Department of Health.

petitioner's computer to look for summer employment. *Id.* at pg. 70. Rather than search for a job, though, the victim used the computer to access pornography. *Id.* at pg. 71.

The petitioner found out about this and reported the incident to his supervisor. The supervisor spoke with the victim about the matter and decided that no further action was necessary. The petitioner, however, told the victim that he could go to jail for seven years for using his state computer to access pornography. *Id.* at pg. 79. The petitioner showed the victim a letter purportedly written by his supervisor advising the victim of as much. Docket Entry No. 19-7 at pg. 2. Throughout the victim's sophomore year in high school, on every Wednesday, the petitioner brought the victim to his home for sex. The petitioner threatened the victim with exposure and jail if he did not cooperate with him. Docket Entry No. 19-6 at pg. 95.

During a taped interview with the police, the petitioner admitted to having a sexual relationship with the victim that included sodomy and fellatio. Docket Entry No. 19-7 at pgs. 70-191. He admitted to having sex with the victim about thirty (30) times. *Id.* at pg. 75. The petitioner also acknowledged that he had been trying to intimidate the victim into having sex with him. Docket Entry No. 19-5 at pg. 64. This evidence, coupled with testimony from petitioner's supervisor that she had never written a letter to the victim threatening him with further punitive action, Docket Entry No. 19-6 at pg. 187, was more than sufficient to sustain the petitioner's remaining convictions for rape by coercion or fraud and forgery.

**2.) Double Jeopardy Claim**

The petitioner argues that his sentences on Counts 4, 5 and 8 violate the prohibition against double jeopardy because the evidence adduced at trial was insufficient to conclude that these counts were separate incidents (Claim No. 2).

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb". The Double Jeopardy Clause protects criminal defendants from (1) re-prosecution for the same offense after an acquittal; (2) against prosecutions for the same offense after a conviction; and (3) against multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977).

According to the petitioner, Counts 4, 5 and 8 of the indictment, alleging rape by force, coercion or by fraud, were not separate incidents because there was only one occurrence of penetration. However, as noted above, the petitioner admitted to the police that he tried to intimidate the victim into having sex with him, that he had sex with the victim about thirty times, and that the sex included fellatio and sodomy. Both fellatio and sodomy fall within the definition of sexual penetration sufficient to sustain a charge of rape. Tenn. Code Ann. § 39-13-501(7). It does not appear, therefore, that the petitioner has been made to suffer from multiple punishments for the same offense. Thus, the state courts properly found that the petitioner's convictions did not run contrary to the Double Jeopardy Clause.

**3.) Ineffective Assistance of Counsel**

The petitioner's four remaining claims (Claim Nos. 3a-d) allege that his attorney denied him the effective assistance of counsel.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient *and* that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). A deficiency occurs when counsel has acted in a way that falls

below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694.

Where the issue is one of ineffective assistance, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", <u>Cullen v. Pinholster</u>, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, *supra* at 466 U.S. 690.

Initially, the petitioner claims that his attorney was deficient for failing to present exculpatory evidence "in the form of voice recorded messages and emails from the victim." At the post-conviction evidentiary hearing, petitioner testified that he gave his attorney a cassette tape containing messages from the victim and that he wanted her to use emails sent to him from the victim on his work computer. Docket Entry No. 19-15 at pgs. 8-10. The petitioner believes that this evidence would have directly refuted the prosecution's argument that the victim was being forced or coerced into having sex with him. *Id.*

Neither the cassette nor the emails were offered into evidence at the post-conviction hearing. When questioned about them, counsel did not recall receiving a cassette tape or emails from the petitioner for use at trial. *Id.* at pgs. 24-25. Nevertheless, even if it can be assumed that counsel was deficient in this regard, the petitioner is unable to establish prejudice without producing this evidence. Therefore, the state courts did not violate federal law by finding no merit in this claim.

The petitioner next claims that counsel was ineffective for failing to inform him of a plea offer. The right to the effective assistance of counsel applies to the plea negotiation process. <u>Missouri v. Frye</u>, 132 S.Ct. 1399, 1408 (2012). Thus, counsel's alleged failure to notify her client of a plea

offer would constitute deficient performance, satisfying the first prong of a Strickland analysis. Griffin v. United States, 330 F.3d 733, 737 (6th Cir. 2003).

At the post-conviction evidentiary hearing, the petitioner testified that counsel never informed him of a plea offer.[7] Docket Entry No. 19-15 at pg. 13. Counsel, on the other hand, told the court that she did convey a plea offer to the petitioner, but that the petitioner rejected the offer. *Id.* at pgs. 27-28. She later reiterated that she "told him all the offers." *Id.* at pg. 48. The trial court chose to accredit the testimony of petitioner's attorney and found that this claim had no merit. Giving the state court ruling its due deference, the Court finds that the petitioner was not denied the effective assistance of counsel in this regard.

The petitioner's third ineffective assistance claim asserts that counsel failed "to supply an adequate record on appeal causing two key issues to be waived." More specifically, the petitioner contends that counsel should have included a copy of the transcript related to closing arguments and the jury charge along with exhibits from the sentencing hearing as part of the appellate record. Docket Entry No. 2 at pg. 20.

The petitioner did not provide these documents at the post-conviction evidentiary hearing. *See* Docket Entry No. 19-16. Nor were they made part of the post-conviction appellate record. As a consequence, the state courts were left to speculate as to whether their omission in any way prejudiced the petitioner. The state courts could discern no prejudice arising from counsel's failure to supply these documents as part of the direct appeal appellate record and rejected this claim. The ruling of the state courts in no way offends federal law. Consequently, the Court finds no merit in

---

[7] The petitioner identifies the plea offer as 3 eight years sentences with the manner of service to be determined by the court. Docket Entry No. 2 at pg. 19.

this claim.

Finally, the petitioner alleges that the cumulative effect of these errors served to deprive him of the effective assistance of counsel. However, distinct constitutional claims can not be cumulated to grant habeas relief. Millender v. Adams, 376 F.3d 520, 529 (6th Cir. 2004), *cert. denied*, 544 U.S. 921 (2005). Accordingly, this claim also lacks merit.

## IV. CONCLUSION

The state courts determined that the petitioner's fully exhausted claims lacked merit. The record supports these findings. The petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to his exhausted claims are either contrary to or an unreasonable application of federal law.

An appropriate order will be entered.

Todd Campbell
United States District Judge